IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re the United States of America for the use and benefit of Sherbrooke Turf, Inc., <br><br>Plaintiff,<br><br>v.<br><br>H.B. Construction, Inc.; and West Bend Mutual Insurance Company,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff the United States of America for the use and benefit of Sherbrooke Turf, Inc., for its Complaint against Defendants, state as follows:

## I. PARTIES

1. Plaintiff the United States of America asserts this complaint for the use and benefit of Sherbrooke Turf, Inc. ("STI"). STI is a Minnesota corporation with its principal place of business in Pelican Rapids, Minnesota. STI is engaged in the construction business.

2. Upon information and belief, Defendant H.B. Construction, Inc. ("HBC") is a Missouri corporation engaged in the construction business.

3. Upon information and belief, Defendant West Bend Mutual Insurance Company ("West Bend") is a surety authorized to issue payment bonds on Federal Projects subject to the Miller Act (40 U.S.C. § 3131, *et seq.*). Upon information and belief, West

Bend conducts business and issues payment and performance bonds on public projects in North Dakota, including Federal, State and local projects.

## II.   JURISDICTION AND VENUE

4. Jurisdiction and venue are proper and appropriate in this Court because the claims involve a Federal question (a Miller Act Claim pursuant to 40 U.S.C. § 3131 *et seq.*), and the project at issue is located in North Dakota.

## III.   FACTS/BACKGROUND

5. HBC was the General Contractor on a Project for the USACE known as the FMM Southern Embankment Reach SE - 2A Project [Contract No. W912ES22C0009 (previously referred to as Contract No. W912ES21B0014)] (the "Project").

6. Pursuant to the Federal Miller Act, West Bend issued a payment bond on the Project identifying HBC as principal [Bond No. 2516629].

7. HBC subcontracted a portion of the work on the Project to STI, which subcontract is incorporated herein by reference.

8. Despite the fact that STI complied with its contractual obligations to HBC on the Project, HBC failed and refused to pay STI for all of its labor, services, material and equipment (the "Work") on the Project.

9. As of the date of this Complaint, HBC owes STI $11,975.00 for its Work on the Project, together with interest, costs, and fees as allowed by law.

10. On or about September 11, 2025, STI timely and properly served its Notice of its Bond Claim on HBC, West Bend and the USACE, in the event that it may arguably be necessary, which Notice is attached hereto as Exhibit "A" and incorporated by reference.

## IV.   CLAIMS

### COUNT I – BREACH OF CONTRACT VS. HBC

11. Paragraphs 1 through 10 are realleged and incorporated herein by reference.

12. HBC's failure and refusal to conduct its business fairly, impartially and in an ethical manner and to pay STI for its Work on the Project constitute breaches of Contract, which damaged STI in an amount well in excess of $11,975.00.

### COUNT II – QUANTUM MERUIT / UNJUST ENRICHMENT VS. HBC

13. Paragraphs 1 through 12 are realleged and incorporated herein by reference.

14. In the event that HBC is not compelled to pay STI for the fair and reasonable value of its Work on the Project, then HBC will be unjustly enriched and STI unjustly impoverished in an amount well in excess of $11,975.00.

### COUNT III – BOND CLAIM VS. WEST BEND

15. Paragraphs 1 through 14 are realleged and incorporated herein by reference.

16. West Bend Mutual Insurance Company, as surety for HBC, is liable to STI for an amount well in excess of $11,975.00.

17. STI is entitled to foreclose its claim against the payment bond and recover the amount claimed in the payment bond claim.

## V.   JURY DEMAND

18. STI requests a jury trial on all claims for which a jury may be available.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff/STI demands judgment and relief against HBC and West Bend, jointly and severally, as set forth above, plus interest, costs, and attorneys' fees and

such other and further relief to which STI is entitled as a matter of law, equity and/or justice as the Court deems appropriate.

          **FABYANSKE, WESTRA, HART & THOMSON, P.A.**

Dated: February 11, 2026    By:    */s/ Kyle E. Hart*
          Kyle E. Hart, Esq. (#159025)
          khart@fwhtlaw.com
          80 South 8th Street, Suite 1900
          Minneapolis, MN 55402
          (612) 359-7600 (P)
          (612) 359-7602 (F)

          **ATTORNEYS FOR PLAINTIFF**